## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JORDAN ROSENBLATT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| PRESIDIO, INC., BOB CAGNAZZI, HEATHER BERGER, CHRISTOPHER L. EDSON, SALIM HIRJI, STEVEN LERNER, MATTHEW H. NORD, PANKAJ PATEL, MICHAEL REISS, and TODD H. SIEGEL, | ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     This action stems from a proposed transaction announced on August 14, 2019 (the "Proposed Transaction"), pursuant to which Presidio, Inc. ("Presidio" or the "Company") will be acquired by BCEC – Port Holdings (Delaware) LP ("Parent") and Port Merger Sub, Inc. ("Merger Sub," and together with Parent, "BCEC").  Parent and Merger Sub are affiliates of funds advised by BC Partners Advisors L.P.

2.     On August 14, 2019, Presidio's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger with BCEC, which was amended on September 25, 2019 (the "Merger Agreement").  Pursuant to the terms of the Merger Agreement, Presidio's stockholders will receive $16.60 in cash for each share of Presidio common stock they own.

3.      On September 10, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.   Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Presidio common stock.

9.      Defendant Presidio is a Delaware corporation and maintains its principal executive offices at One Penn Plaza, Suite 2832, New York, New York 10119.  Presidio's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "PSDO."

10.     Defendant Bob Cagnazzi is Chief Executive Officer and Chairman of the Board of the Company.

11.     Defendant Heather Berger is a director of the Company.

12.     Defendant Christopher L. Edson is a director of the Company.

13.     Defendant Salim Hirji is a director of the Company.

14.     Defendant Steven Lerner is a director of the Company.

15.     Defendant Matthew H. Nord is a director of the Company.

16.     Defendant Pankaj Patel is a director of the Company.

17.     Defendant Michael Reiss is a director of the Company.

18.     Defendant Todd H. Siegel is a director of the Company.

19.     The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Presidio (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21.     This action is properly maintainable as a class action.

22.     The Class is so numerous that joinder of all members is impracticable.  As of August 10, 2019, there were approximately 83,106,099 shares of Presidio common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if

defendants' conduct complained of herein continues.

24.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

27.     Presidio is a leading North American IT solutions provider focused on Digital Infrastructure, Cloud, and Security solutions to create secure infrastructure platforms for commercial and public sector customers.

28.     Presidio's Board caused the Company to enter into the Merger Agreement with BCEC.

29.     Pursuant to the terms of the Merger Agreement, Presidio's stockholders will receive $16.60 in cash for each share of Presidio common stock they own.

30.     According to the press release announcing the Proposed Transaction:

Presidio, Inc. (NASDAQ:PSDO) (together with its subsidiaries, "Presidio" or the "Company"), a leading North American IT solutions provider delivering Digital Infrastructure, Cloud and Security solutions to create agile, secure infrastructure platforms for commercial and public sector customers, today announced it has entered into a definitive agreement to be acquired by funds advised by BC Partners, a leading international investment firm, in an all-cash transaction valued at approximately $2.1 billion, including Presidio's net debt. . . .

Transaction Details

Closing of the transaction is subject to customary conditions, including approval by the holders of a majority of the outstanding shares of Presidio common stock, expiration or early termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and other required regulatory approvals, including approval from CFIUS. AP VIII Aegis Holdings, L.P., an affiliate of investment funds managed by affiliates of Apollo Global Management, LLC, which owns approximately 42% of the outstanding shares of Presidio common stock, has entered into a voting agreement with BC Partners, pursuant to which it has agreed, among other things, to vote its shares of Presidio common stock in favor of the merger, and against any competing transaction, so long as, among other things, the Presidio board continues to recommend that Presidio stockholders vote in favor of the merger.

Presidio expects to continue to pay its regular quarterly dividend of $0.04 per share, during the pendency of the transaction.

The parties expect the transaction to close in the fourth quarter of 2019. Upon completion of the transaction, Presidio will become a privately held company, and its common stock will no longer be listed on the NASDAQ stock market.

Under the terms of the definitive merger agreement, Presidio's Board and advisors may actively initiate, solicit and consider alternative acquisition proposals during a 40-day "go shop" period starting from the date of the definitive agreement. Presidio will have the right to terminate the merger agreement to accept a superior proposal subject to the terms and conditions of the merger agreement. There can be no assurances that this process will result in a superior proposal, and Presidio does not intend to disclose developments with respect to this solicitation process unless and until Presidio's Board makes a determination requiring further disclosure.

Fully committed debt financing for the transaction will be provided by Citi, JPMorgan Chase Bank, N.A. and RBC Capital Markets.

LionTree Advisors is acting as financial advisor to Presidio, and Wachtell, Lipton, Rosen & Katz is acting as its legal counsel. Citi, J.P. Morgan Securities LLC and

RBC Capital Markets are acting as financial advisors and Kirkland & Ellis LLP is acting as legal counsel to BC Partners.

### *The Proxy Statement Omits Material Information, Rendering It False and Misleading*

31.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

32.     As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

33.     First, the Proxy Statement omits material information regarding the Company's financial projections.

34.     The Proxy Statement fails to disclose: (i) for each set of projections, all line items used to calculate (a) total adjusted EBITDA, (b) pro forma adjusted net income, (c) pro forma diluted earnings per share, and (d) unlevered free cash flow; (ii) unlevered free cash flow for the "Budget Projections"; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

35.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

36.     Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, LionTree Advisors LLC ("LionTree").

37.     With respect to LionTree's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) LionTree's basis for applying a range of exit multiples of 7.0x to 9.0x; (iii) the individual inputs and assumptions underlying the discount rates ranging from 8.2% to 10.2%; (iv) the terminal values for the

Company; and (v) the number of fully diluted outstanding shares of Company common stock.

38.     With respect to LionTree's Premiums Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed by LionTree in the analysis; and (ii) the individual premiums paid in the transactions.

39.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

40.     Third, the Proxy Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

41.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

42.     The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Reasons for the Merger; Recommendation of the Presidio Board; (iii) Opinion of Presidio's Financial Advisor; and (iv) Certain Presidio Unaudited Prospective Financial Information.

43.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated
Thereunder Against the Individual Defendants and Presidio**

44.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45.     The Individual Defendants disseminated the false and misleading Proxy Statement,
which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in
light of the circumstances under which they were made, omitted to state material facts necessary
to make the statements therein not materially false or misleading.  Presidio is liable as the issuer
of these statements.

46.     The Proxy Statement was prepared, reviewed, and/or disseminated by the
Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants
were aware of this information and their duty to disclose this information in the Proxy Statement.

47.     The Individual Defendants were at least negligent in filing the Proxy Statement
with these materially false and misleading statements.

48.     The omissions and false and misleading statements in the Proxy Statement are
material in that a reasonable stockholder will consider them important in deciding how to vote on
the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate
disclosure as significantly altering the total mix of information made available in the Proxy
Statement and in other information reasonably available to stockholders.

49.     The Proxy Statement is an essential link in causing plaintiff and the Company's
stockholders to approve the Proposed Transaction.

50.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and
Rule 14a-9 promulgated thereunder.

51.     Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants**

52.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53.     The Individual Defendants acted as controlling persons of Presidio within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Presidio and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

54.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

55.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

56.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

57.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 26, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
    Seth D. Rigrodsky (#3147)
    Brian D. Long (#4347)
    Gina M. Serra (#5387)

**OF COUNSEL:**
    300 Delaware Avenue, Suite 1220
    Wilmington, DE 19801

**RM LAW, P.C.**
    Telephone: (302) 295-5310
Richard A. Maniskas
    Facsimile: (302) 654-7530
1055 Westlakes Drive, Suite 300
    Email: sdr@rl-legal.com
Berwyn, PA 19312
    Email: bdl@rl-legal.com
Telephone: (484) 324-6800
    Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com
    *Attorneys for Plaintiff*